This appeal is from a judgment entered on a directed verdict in behalf of the defendants Bell Ford, Inc. and Ford Motor Company, Inc. We affirm.
Plaintiff A.B. Parker purchased a 1979 Ford F-100 pickup truck from defendant Bell Ford, Inc. of Atmore, Alabama, on 6 August 1979. The purchase price was $6,155.40. The truck was manufactured by defendant Ford Motor Company, Inc., which provided the new truck warranty on the vehicle. Parker made several complaints to Bell Ford of excessive tire wear requiring replacement of the tires on the vehicle after approximately 4,000 miles of use. Bell Ford gave Parker a purchase order to have the vehicle aligned at Combs Dailey, an alignment shop in Mobile, where repairs were allegedly made on the vehicle. Parker was not informed as to what had been done to the vehicle at the alignment shop. Whatever work was performed, however, did not cure Parker's complaint of excessive tire wear and his second set of tires had to be replaced shortly thereafter.
Parker never returned the vehicle to Bell Ford for repairs and never registered any further complaint with Bell Ford until Parker initiated suit against Bell Ford and the manufacturer, the Ford Motor Company. At an inspection of the vehicle after this suit was filed, it was determined by the service manager of Peach Ford, Inc. of Brewton, Alabama, that the vehicle had a defective wheel housing, causing the tires to wear excessively.
On 1 July 1980 Parker filed his complaint containing four counts: one against Bell Ford for misrepresentation; one against Bell Ford for breach of contract; one against Bell Ford and Ford Motor Company for breach of warranty; and one against Bell Ford and Ford Motor Company for breach of implied warranty of merchantability. The trial court granted Ford Motor Company's motion to dismiss count four involving implied warranty of merchantability whereupon Parker amended his complaint accordingly. Parker originally demanded damages of $20,000; a later amendment increased that demand for damages to $30,000. After trial before a jury, upon motion, the trial court directed a verdict in favor of Bell Ford and Ford Motor Company and entered judgment accordingly.
Parker urges as error the trial court's direction of a verdict denying his claims. Parker contends there was a scintilla of evidence in support of the allegations of his complaint; therefore, the trial court should have allowed the case to go to the jury.
We disagree.
Section 7-2-607 (3)(a), Code 1975, describes the buyer's obligation upon learning of a defect in a product he has accepted:
"(3) Where a tender has been accepted:
 "(a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy. . . ."
The transaction between Parker and Bell Ford and Ford Motor Company was one that required compliance with § 7-2-607.
This court, on several occasions, has characterized notice, such as required by § 7-2-607, as a condition precedent to recovery. See Smith v. Pizitz of Bessemer, Inc., 271 Ala. 101,122 So.2d 591 (1960).
In Consolidated Pipe and Supply Company, Inc. v. StockhamValves and Fittings Inc., 365 So.2d 968,971 (Ala. 1978), this court stated:
 "Consolidated further contends its cross-claim against Louisiana for indemnity should have been allowed to go to the jury. Consolidated bases its claim on a breach of warranty. Notice is a condition precedent to any claim for breach of warranty. § 7-2-607, Code 1975; Page v. Camper City Mobile Home Sales, 292 Ala. 562, 297 So.2d 810
(1974). Consolidated offered no evidence to show it had given Louisiana notice of the breach. Therefore, the trial court's direction of a verdict denying its cross-claim against Louisiana was without error." (Emphasis added.) *Page 1103 
Official notice has been determined to be the degree of notice which at least comports with the notice an ordinary tortfeasor would have of his breach of duty. Page, supra. The evidence adduced at trial reveals that Parker was not satisfied with the repairs made on behalf of Bell Ford by the alignment shop. Parker admits that at no time did he contact Ford Motor Company about this problem, nor did he return the vehicle to Bell Ford after he took the vehicle from the alignment shop.
 ". . . Notice of breach serves two distinct purposes. First, express notice opens the way for settlement through negotiation between the parties. . . . Second, proper notice minimizes the possibility of prejudice to the seller by giving him `ample opportunity to cure the defect, inspect the goods, investigate the claim or do whatever may be necessary to properly defend himself or minimize his damages while the facts are fresh in the minds of the parties.'"
Standard Alliance Industries, Inc. v. Black Clawson Company,587 F.2d 813, 826 (6th Cir. 1978), cert. denied, 441 U.S. 923,99 S.Ct. 2032, 60 L.Ed.2d 396 (1979), quoting in part from Note, Notice of Breach and the Uniform Commercial Code, 25 U.Fla.L.Rev. 520, 522 (1973). Bell Ford had no notice that the work performed by Combs Dailey did not eliminate Parker's tire wear problem. In fact, Bell Ford never heard from Parker again until six months later when it received the summons initiating this lawsuit. This court held in Pizitz of Bessemer,supra, that one reason for the notice requirement is to apprise the vendor that a claim will be made against him and give him an opportunity to prepare a defense or notify his supplier. We expand that rationale to also include the requirement of notice in order to enable the seller to make adjustments or replacements, or to suggest opportunities for cure, to the end of minimizing the buyer's loss and reducing the seller's own liability to the buyer. See White and Summers, UniformCommercial Code, § 11-9 (1972).
This holding is distinguishable from Gigandet v. ThirdNational Bank, 333 So.2d 557 (Ala. 1976), which held that the sufficiency of the 7-2-607 notice is a question of fact for the jury. Gigandet involved a situation in which notice was unquestionably given, but an issue remained as to the timeliness or reasonableness of such notice. In this case no notice was given.
In light of the evidence that Parker failed to give notice of the continuing defect, we agree with the trial court that the motion for directed verdict in favor of defendants Bell Ford and Ford Motor Company was due to be granted. Whether tested by the substantial evidence rule or the scintilla evidence rule, the record reveals no evidence from which the jury could reasonably infer that Parker gave notice of the defect prior to the filing of this suit. Coburn v. American Liberty InsuranceCo., 341 So.2d 717 (Ala. 1977).
The judgment in this case is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.